IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

ROBERT BOSCH GmbH, a German corporation; and ROBERT BOSCH, LLC, a Delaware limited liability company,

        Plaintiffs,

v.

KEVIN SIMMONS, an individual, GLOBAL AUTOMOTIVE OF MIAMI, INC., a Florida corporation, an entity of unknown form,

        Defendants.
_____/

JURY DEMAND

## COMPLAINT

Plaintiffs Robert Bosch GmbH and Robert Bosch, LLC (collectively, "Plaintiffs" or "Bosch") allege as follows against defendants Kevin Simmons ("Simmons") and Global Automotive of Miami, Inc. ("Global Automotive") (collectively, "Defendants"):

## INTRODUCTION

1. Plaintiffs seek injunctive and monetary relief in this action for trademark counterfeiting, trademark infringement, false designation of origin, unfair competition and false advertising with regard to registered trademarks of Robert Bosch GmbH ("Bosch GmbH"). As alleged below, defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 et seq. (the "Lanham Act"), through their advertising, offering for sale and sale of counterfeit automotive parts.

2. Bosch GmbH is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Stuttgart, Germany.

3. Robert Bosch, LLC ("Bosch LLC") is a limited liability company incorporated under the laws of the State of Delaware with offices at 2800 South 25th Avenue, Broadview, Illinois 60155. Bosch LLC operates under a license agreement from Bosch GmbH to various trademarks. Bosch LLC's sole member is Robert Bosch North America Corporation, a Delaware corporation with its principal place of business in Farmington Hills, Michigan.

4. On information and belief, defendant Kevin Simmons ("Simmons") is an individual residing in the State of Florida at 2420 Granada Blvd., Coral Gables, Florida 33134 and who has a business advertising, offering for sale, and selling automotive parts, including the counterfeit Bosch-branded parts described in this Complaint.

5. On information and belief, Global Automotive of Miami, Inc. ("Global Automotive") is a Florida corporation with its principal place of business at 13941 SW 143rd Court, Suite #4 Miami, Florida 33186. Global Automotive is in the business of advertising, offering for sale, and selling automotive parts, including the Bosch-branded parts described in this Complaint. On information and belief, Simmons is the owner, President and registered agent for Global Automotive.

6. On information and belief, both Simmons and Global Automotive use or have done business under the fictitious business name MDZ Group in connection with advertising, offering for sale, and selling automotive parts, including the Bosch-branded parts described in this Complaint.

7. On information and belief, in participating in and/or performing the acts and omissions alleged in the Complaint, Defendants were acting as the agents, partners, servants, employees, alter egos, or successors or predecessors in interest of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other defendants, at all times relevant to this Complaint.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Simmons because, on information and belief, Simmons resides in this district. This Court has personal jurisdiction over Global Automotive because, on information and belief, it is a legal entity created under the laws of Florida with its principal place of business in Miami, Florida.

9. This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, Sections 32 and 34.

10. This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and Defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in the Southern District of Florida under 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, and is proper under 28 U.S.C. section 1391(c) because, on information and belief, Defendants' principal place of business is in this judicial district.

## FACTS

### Bosch and its Valuable and Well-Known Trademarks

12. Bosch GmbH has been manufacturing and selling products under the well-known BOSCH brand name and trademark for more than 100 years. Bosch GmbH conducts business in a wide range of industries, including manufacturing and selling automotive parts as an original equipment manufacturer ("OEM"), and manufacturing and selling automotive parts for the aftermarket parts industry.

13. For many years, and long before the acts of Defendants alleged herein, Bosch GmbH and its licensees have used the mark BOSCH (the "Bosch Word Mark") and the mark ⊖ (the "Bosch Magneto Mark") (collectively, the "Bosch Marks") in the United States in connection with automotive parts.

14. Bosch GmbH is the owner of numerous federal trademark registrations with the United States Patent and Trademark Office (the "USPTO") consisting of or

incorporating the Bosch Word Mark and/or the Bosch Magneto Mark, including but not limited to the following marks on the USPTO's Principal Register:

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| BOSCH | workshop test benches for testing starting motors, generators, fuel injection pumps [and ignition distributors;] fuel injection nozzle testers; carbon monoxide analyzers; monitoring apparatus for use in measuring concentration of oxygen and gases; temperature controls. | 1,569,353 | December 5, 1989 |
| BOSCH | Starters for combustion engines and diesel engines (not for land vehicles); magnetos, transistorized ignitions for engines; ignition components for engines, namely ignition coils, ignition distributors, contact sets and spark plugs; electric motors (not for land vehicles); electric generators and alternators; fuel injection systems for gasoline engines comprising fuel pumps, injectors, fuel rails, fuel pressure regulators, governors, idle speed actuators, throttle switches air valves and magnetic valves; diesel engine fuel injection equipment, namely, injection pumps, nozzles, nozzle holders, delivery valves, magnetic valves and timers; flame starters for diesel engines; heating flanges, glow plugs for diesel engines; air, oil and fuel filters for engines (not for land vehicles); electro- hydraulic pumps, hydraulic accumulators, hydraulic cylinders, hydraulic piston motors, hydraulic | 1,637,401 | Mar. 12, 1991 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | valves; pneumatic cylinders, pneumatic door actuators and air compressors. | | |
| BOSCH | microcomputers, microprocessors, program and data memory, input and output circuitry and sensors for measuring, controlling and regulating the ignition and fuel injection of automotive vehicles; electronically controlled gasoline injection equipment; exhaust gas analyzers; electric batteries; condensers; car fuses; electric switches; electric cables; car aerials, interference suppressors. | 1,641,945 | Apr. 23, 1991 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| (Bosch logo) | Lubricating devices for all kinds of machines, comprising oil pumps, grease pumps, lubricant distributors; fuel injection equipment used with internal combustion engines comprising fuel injection pumps, nozzles, nozzle-holders, injection timing devices, governors; fuel feed pumps; filters for fuel and oil; flushing and charging blowers for motors; fluid operated equipment, pressure and vacuum equipment, servo equipment, said equipment comprising pumps, motors, actuating cylinders, valves, control apparatus, pressure accumulators; coupling devices, connecting parts, switch devices; multi-purpose hand motors, drilling machines and supports for drilling machines, | 633,563 | Aug. 28, 1956 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | drilling and reaming machines, grinders, nut runners, tappers, sheet metal shears, milling machines, polishers for wet and dry polishing, roll pickers for cleaning of spinning machines, drill hammers, drilling blowers, boring bars, hard metal drilling bits; percussion hammers, plumber's power hammers, builder's power hammers, insert tools, such as drills, milling cutter files, wood working tools (rasps), countersinking tools, filing discs, polishing cups and discs, brushes, grinding discs, shapers; supports for hand motors; motor compressor units; vibrators; electric machines and accessories (for commercial use) for preparing food comprising kneaders, mixers, liquidizers, slicers, shredders, pommes-frites (potato chip) discs, potato peelers, citrus presses, meat mincers, juice extracting attachments, grating attachments, noddle-making attachments, fritter-making attachments, sausage stuffers; gear coupling devices; motor compressor units; devices for moving front loaders, stern loaders, mobile cranes, fork trucks, tractors or trailers with power lifts or tilters; and parts of all of the said goods | | |
| (BOSCH logo) | Processing, transmitting, receiving and indicating signals, data, images and sounds, namely, audio | 4,412,647 | Oct. 8, 2013 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | recorders and digital media receivers; electric and electromagnetic data carriers; video cameras, monitors, loudspeakers, antennas for devices, namely, GPS navigation devices; LSN peripherals, namely, smoke detectors, intrusion detectors, alarm sounders and strobes, security interface modules, remote fire indicators, power supplies and security system arming devices; control modules, expansion modules, switches, and programmers for location and navigation for installation in land vehicles, aircraft, and marine craft; high frequency generators, power supply devices, namely, power supplies, electric filters, semiconductor components, namely, semiconductor chips; optoelectronic components, namely, optical cables and filters for optical devices; printed, etched and casted circuits, integrated circuits, relays, fuses, leads for electric, electronic and optical signals, cable connections, electric switches, electronic regulators for headlamp beam adjustment, electric motors, sensors, detectors, switching devices, namely, automatic switching apparatus for telecommunication; switch boxes, solar cells and solar generators; analyzers for motor vehicles for exhaust gas analysis, soot particle analysis, brake | | |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | function; diagnostic instruments and equipment, namely, motor measurement modules for motor testers, emissions analysis, and for simulations; engine testers and workshop test equipment benches for engine system testing, diagnostic analysis, emissions analysis, battery service, brake testing, diesel system testing, wheel alignment, air condition service, tire changing, wheel balancing; automotive lifts for injection pumps, starters and generators; batteries, charging devices, namely, battery chargers, battery testers, amplifiers, transformers and cable drums | | |

15. The Registration Certificates for Registration Nos. 1,569,353, 1,637,401, 1,641,945, 633,563 and 4,412,647 are attached hereto as Exhibits A – E, respectively. Registrations Nos. 1,637,401, 1,641,945, 633,563 and 4,412,647 are valid and subsisting, and Registrations Nos. 1,569,353, 1,637,401, 1,641,945 and 633,563 have become incontestable in accordance with 15 U.S.C. sections 1065 and 1115(b). The registrations thus constitute conclusive evidence of Bosch GmbH's exclusive right to use these marks throughout the United States and to license those rights to subsidiaries and affiliates like Bosch LLC.

16. Bosch LLC manufactures, markets, and sells automotive, consumer, and industrial technology products throughout the United States, including automotive parts and systems.

17. For many years, and long before the acts of Defendants alleged in this Complaint, Bosch LLC and its predecessors have manufactured and sold automotive

parts and systems under the Bosch Marks, including automotive oxygen sensors and fuel pumps, pursuant to a license agreement with Bosch GmbH.

18.  Bosch LLC has sold billions of dollars' worth of goods and services in the United States under the Bosch Marks, and has spent substantial sums marketing and promoting goods and services under those marks.

19.  By virtue of the aforementioned sales and marketing, the Bosch Marks have become well-known throughout the United States.

20.  The automotive parts and systems sold under the Bosch Marks are subject to a strict quality control program Bosch has implemented that protects and preserves all aspects of such parts and systems, including their safety, components, appearance, and packaging.

## Defendants' Unlawful Use of the Bosch Marks

21.  On information and belief, Defendants, and each of them, are in the business of selling automotive parts that they advertise, market, and sell through, among other things, eBay. These parts include Bosch-branded automotive oxygen sensors and fuel pumps. Bosch is informed and believes that Defendants also use the phone number 305-232-3433 and fax number 305-232-4260 for these business activities, that Defendants display the name "Global Automotive of Miami, Inc." in connection with advertising and selling Bosch-branded automotive products through eBay, and that Simmons and Global Automotive use or used the name MDZ Group in connection with the above-activities.

22.  Defendants are advertising, offering for sale and selling automotive products, including automotive oxygen sensors and fuel pumps that bear identical copies of the Bosch Marks, even though those products are not made or authorized by Bosch. Defendants' use of the Bosch Marks is unauthorized, and the automotive oxygen sensors and fuel pumps Defendants are selling that bear the Bosch Marks are not genuine Bosch products, or have been materially altered and are therefore unauthorized.

23. Recently, a Bosch agent purchased products from Defendants marked with the Bosch Word Mark and Bosch Magneto Mark. These automotive parts included automotive oxygen sensors (part numbers F00HL00240, 0258017488, and F00HL00152) and a fuel pump (part number 0580454078). Defendants shipped these parts from Florida to Bosch's agent.

24. Bosch engineers analyzed the Bosch-branded automotive oxygen sensors and fuel pump acquired from Defendants. Although each of these products bear the Bosch Marks, none of these automotive parts are genuine Bosch products.

## Harm to Bosch

25. Upon information and belief, Defendants' aforementioned uses of the Bosch Marks constitute a deliberate, intentional, and willful attempt to trade upon Bosch's business reputation and the goodwill of Bosch's trademarks.

26. As a result of Defendants' acts of counterfeiting, trademark infringement, false advertising, and unfair competition, the customers and potential customers of Defendants have been or are likely to be confused into thinking that the counterfeit products Defendants sold are genuine Bosch products, when they are not.

27. Defendants' advertising, offering for sale and sale of products that bear the Bosch Marks, but that are not genuine Bosch products, has caused and will continue to cause irreparable harm to Bosch and to the goodwill it owns in the Bosch Marks, and lost sales. Upon information and belief, Defendants have received illicit profits and wrongful gains through their sale of counterfeit products bearing the Bosch Marks.

## FIRST CLAIM FOR RELIEF

## Trademark Counterfeiting in Violation of

## Sections 32 and 34(D)(1)(B) of the Lanham Act

28. Bosch realleges and incorporates the allegations in paragraphs 1 through 27 as if set forth in full.

29. Defendants' unauthorized use of the Bosch Marks on automotive oxygen sensors and fuel pumps that are not genuine Bosch products constitutes use of spurious

marks identical with, or substantially indistinguishable from, Bosch's genuine Bosch Marks, which are registered on the Principal Register of the USPTO for use in connection with the Bosch products at issue herein.

30. The acts of Defendants have caused and/or are likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of those goods offered for sale or sold by Defendants.

31. The acts of Defendants complained of in this Complaint constitute use in commerce of reproductions, copies, or colorable imitations of the Bosch Marks in connection with the advertising, offering for sale, and sale of goods or services, and constitute trademark counterfeiting of the Bosch Marks in violation of sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. sections 1114(1) and 1116(d)(1)(B).

32. As a result of the acts of Defendants' unlawful conduct, Defendants have been unjustly enriched and Bosch has been irreparably damaged.

33. Because the actions of Defendants will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendants from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

34. Bosch is also entitled to an award of costs, attorneys' fees, and prejudgment interest for the acts of trademark counterfeiting by Defendants, in accordance with 15 U.S.C. section 1117(b).

## SECOND CLAIM FOR RELIEF
## Trademark Infringement in Violation
## of Section 32 of the Lanham Act

35. Bosch realleges and incorporates the allegations in paragraphs 1 through 34 as if set forth in full.

36. Defendants' aforesaid unauthorized use of the Bosch Marks in connection with offering for sale and selling non-genuine Bosch products is likely to cause

confusion, mistake, or deception as to source, origin, sponsorship, or approval of those goods.

37. The actions of Defendants thus constitute trademark infringement in violation of section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1).

38. As a result of Defendants' actions, Defendants have been unjustly enriched, and Bosch has been irreparably damaged.

39. Because Defendants' actions will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendants from using the Bosch Marks in connection with offering for sale or selling non-genuine Bosch products.

## THIRD CLAIM FOR RELIEF

## False Designation of Origin in Violation of Section 43(A) of the Lanham Act

40. Bosch realleges and incorporates the allegations in paragraphs 1 through 39 as if set forth in full.

41. Defendants' aforesaid use of the Bosch Marks in connection with offering for sale and selling non-genuine Bosch products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Bosch, or as to the origin, sponsorship, or approval of Defendants' goods, in that purchasers are likely to believe that Bosch authorizes or controls the sale, offering, or provision of Defendants' goods described above, or that Defendants are associated with or authorized by Bosch to sell, offer, or provide those goods.

42. The actions of Defendants constitute false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

43. As a result of Defendants' actions, Defendants have been unjustly enriched, and Bosch has been greatly and irreparably injured and damaged.

44. Because the actions of Defendants will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendants from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

## FOURTH CLAIM FOR RELIEF

## False Advertising in Violation of Section 43(A) of the Lanham Act

45. Bosch realleges and incorporates the allegations in paragraphs 1 through 44 as if set forth in full.

46. Defendants advertise or have advertised automotive oxygen sensors and fuel pumps on eBay and, on information and belief, other e-commerce sites, in a manner that falsely suggests that those products are genuine Bosch products.

47. The claims of Defendants have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers.

48. Because the claims of Defendants are likely to influence the purchasing decision of purchasers of automotive oxygen sensors and fuel pumps, the deception Defendants' claims have caused or are likely to cause is material.

49. This commercial advertising by Defendants constitutes false and/or misleading statements of fact that misrepresent the nature, qualities, and characteristics of the products, in violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

50. As a result of the actions of Defendants, Defendants have been unjustly enriched, and Bosch has been greatly and irreparably injured and damaged.

51. Because the actions of Defendants will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendants from using the Bosch Marks in connection with the offering for sale or sale of non-genuine Bosch products, and from falsely advertising such products.

## **PRAYER FOR RELIEF**

WHEREFORE, Bosch prays that:

1. Judgment be entered for Bosch on its claims;

2. Defendants and each of their agents, servants, employees, representatives, attorneys, any business entity used by Defendants in connection with the above-alleged conduct, their successors and assigns, and all others in active concert or participation with any of them who receive notice hereof, including all subsidiaries, affiliates, and licensees, be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

    a. directly or indirectly infringing the Bosch Marks in any manner, and specifically:

        i) using the Bosch Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection with offering for sale, promoting, marketing, or selling any non-genuine Bosch products;

        ii) promoting, marketing, advertising, offering for sale, or selling any non-genuine Bosch products;

        iii) applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with promoting, selling or offering for sale any non-genuine Bosch products;

    b. using any mark that is confusingly similar to the Bosch Marks in connection with manufacturing, promoting, selling and/or offering for sale any non-genuine Bosch products;

    c. using any other trademark, trade name, logo or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive

consumers to believe that any non-genuine Bosch products originate from Bosch, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Bosch;

d. engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive consumers to believe, that Defendants and any non-genuine Bosch products are sponsored, approved, or licensed by Bosch, or are in some way connected or affiliated with Bosch;

e. affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine Bosch products, a false description, representation or misleading statement of fact concerning the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including by falsely representing that such products are genuine Bosch products;

f. importing for resale into the United States, offering to sell in the United States, or selling in the United States any BOSCH product not authorized by Bosch for sale in the United States; and

g. destroying or otherwise disposing of evidence until final determination of this action, including:

   i) any automotive oxygen sensors and fuel pumps and other goods offered for sale in connection with any of the Bosch Marks;

   ii) any promotional or advertising materials, packaging, labels, web site versions, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the Bosch Marks;

   iii) any sales records, ledgers, invoices, purchase orders,

                inventory control documents, recordings of any type, and all other business records and documents, including electronically stored information ("ESI") created or stored on a computer, computer server, other computer device or cloud location, that concern the promotion, sale, or offering for sale of any non-genuine Bosch products or any other products sold or offered for sale in connection with the Bosch Marks, including number of units sold and price.

3. Defendants and all others holding by, through or under them, be required, jointly and severally, to:

    a. account for and pay over to Bosch all profits that Defendants derived from their acts of trademark infringement and unfair competition, such award to be trebled in accordance with 15 U.S.C. section 1117(a);

    b. pay Bosch the amount of all damages incurred by Bosch by reason of the acts of trademark infringement and unfair competition by Defendants, such amount to be trebled in accordance with 15 U.S.C. section 1117(a);

    c. pay Bosch the costs of this action, together with Bosch's reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. section 1117(a);

    d. pay Bosch the greater of treble Defendants' profits or treble the actual damages suffered by Bosch, as well as Bosch's costs, attorneys' fees, and prejudgment interest, for their acts of trademark counterfeiting, in accordance with 15 U.S.C. section 1117(b);

    e. pay Bosch statutory damages for counterfeiting and willful counterfeiting of each of the Bosch Marks of up to $2 million for each type of product sold, offered for sale, or distributed by

Defendants, in accordance with 15 U.S.C. sections 1117(c)(1) and (2);

4. Defendants and all others holding by, through or under them, be required to deliver for destruction all of Defendants' counterfeit and infringing automotive oxygen sensors and fuel pumps bearing any of the Bosch Marks, and all labels, signs, prints, packaging, and advertisements therefor, and any molds, matrices, or other means for making the same, in their possession, in accordance with 15 U.S.C. section 1118.

5. Defendants be required to serve on Bosch and file with the Court, within 30 days after the service on Defendants of an injunction order, a written report made under oath setting forth in detail how Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. section 1116(a).

6. Bosch have such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Bosch hereby demands a trial by jury on all issues so triable.

Dated: March 20, 2017.                           Respectfully submitted,

*/s/ Gabriel Groisman*
Gabriel Groisman, Fla. Bar No. 25644
ggroisman@coffeyburlington.com
Scott A. Hiaasen, Fla. Bar No. 103318
shiaasen@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse 1
Miami, Florida  33133
Telephone:  (305) 858-2900
Facsimile:  (305) 858-5261

– and –

Michael Adams
madams@rutan.com
*Pro Hac Vice Application to be Filed*
**RUTAN & TUCKER, LLP**
611 Anton Blvd.
Costa Mesa, CA  92626
Telephone:  714-641-5100
714-546-9035

*Attorneys for Plaintiff*